IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEROME K. YOUNG,

        Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

        Defendants.

CIVIL ACTION
NO. 11-6311

**OPINION**

**Slomsky, J.**                                                                          **December 14, 2012**

## I.    INTRODUCTION

On October 22, 2009, Plaintiff Jerome Young was on the street in Northeast Philadelphia celebrating a Philadelphia Phillies' play-off victory. Thousands of other fans were also present. Philadelphia police officers, in their effort to control the crowd, began blocking off certain streets and directing participants to leave the area. While Plaintiff was attempting to walk home, he was confronted by several officers. He claims these officers repeatedly pushed him and beat him with batons. He was briefly handcuffed and placed in a patrol car, but was released without arrest.

On October 7, 2011, Plaintiff initiated this lawsuit against the City of Philadelphia and unidentified police officers.[1] (Doc. No. 1.) The Complaint alleges constitutional and state tort violations against all Defendants. Both the City of Philadelphia and the unidentified officers are named as defendants in each count. Count I alleges under 42 U.S.C. § 1983 a violation of Plaintiff's constitutional rights by unnamed police officers employed by the City of Philadelphia.

---

[1] The Complaint refers to the unknown police officers with different first names and "Doe" as the last name.

1

Count II alleges that those same police officers engaged in a conspiracy to violate Plaintiff's constitutional rights under 42 U.S.C. § 1985.  Counts III through VII allege the commission of the following state torts: violation of custodial relationship, false imprisonment, assault, intentional and negligent infliction of emotional distress.

Presently before the Court is Defendants' Motion for Summary Judgment on all claims. (Doc. No. 13.)  For the following reasons, the Motion will be granted.

## II. FACTUAL BACKGROUND

Plaintiff claims he was assaulted on October 22, 2009 by unknown police officers employed by the City of Philadelphia.  (Doc. No. 13 at 3-4.)  The assault occurred near the intersection of Frankford and Cottman Avenues in Philadelphia.  (Id. at 4.)  Plaintiff and thousands of others were celebrating a Philadelphia Phillies' victory.  (Doc. No. 13-2 at 12-13.) Over twenty police officers were on the scene to control the crowd.  (Id. at 14-15.)  As the officers attempted to clear the streets, Plaintiff claims that one officer pushed him.  (Id. at 30.) He was then surrounded by at least five officers and one of the officers hit him with his baton. (Id. at 32.)  The police then proceeded to hit him over and over again and would not let him leave.  (Id. at 33-34, 36-37.)  Plaintiff was eventually handcuffed and thrown against a police vehicle before being placed inside.  (Id. at 37-38.)  He was not arrested, and was released shortly thereafter.  (Doc. No. 13 at 4.)  Plaintiff claims he was bruised and unable to walk or work for several days after the incident.  (Doc. No. 13-2 at 56-57.)

Defendant City of Philadelphia has provided police activity logs that indicate officers were assigned to the "Phillies Detail" in the area of the alleged assault.  (See, e.g., Doc. No. 14-23.)  Plaintiff remains unable, however, to identify the officers involved.  He contends his inability to identify them is due to the fact they were all dressed alike in riot gear, which

consisted of no visible badges, black uniforms, shields, and face masks.  (Doc. No. 13 at 4-5; Doc. No. 13-2 at 22, 30.)

### III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In reaching this decision, the Court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the non-moving party. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A factual dispute is "material" only if it might affect the outcome of the suit under governing law.  Doe v. Luzerne County, 660 F.3d 169, 175 (3d Cir. 2011) (citing Gray v. York Papers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  Anderson, 477 U.S. at 247-249.

In deciding a motion for summary judgment, the Court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the non-moving party. Macfarlan, 674 F.3d at 271; Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009). Whenever a factual issue arises which cannot be resolved without a credibility determination, the Court must, at this stage of the litigation, credit the non-moving party's evidence over that

presented by the moving party. Anderson, 477 U.S. at 255. If there is no factual issue and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

IV.   **ANALYSIS**

    A.   **Unidentified Police Officers Cannot Be Held Liable For Federal Violations**

Plaintiff is not able to identify any of the officers that allegedly assaulted him on the evening of October 22, 2009. The law does not allow claims against unknown defendants. Therefore, the unidentified police officers are entitled to summary judgment in their favor.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). Such particularity is not met when an individual defendant cannot be identified. It therefore follows that an unidentified individual cannot be held liable for a civil rights violation. See Brown v. New Hanover Twp. Police Dep't, No. 07-2776, 2008 WL 4306760, at *6 (E.D. Pa. Sept. 19, 2008) (granting summary judgment in favor of unnamed police officers after plaintiffs "were given ample opportunity during discovery . . . to identify the unknown officers who were present . . . during the July 4th, 2005 incident" but failed to do so); Glass v. City of Philadelphia, 455 F. Supp. 2d 302, 367 (E.D. Pa. 2006) (denying liability where claimant could not identify the officer who put a gun to her head).

Here, Plaintiff stated the following during his October 5, 2012 deposition:

    Question:    What did that officer look like?

| | |
|---|---|
| Plaintiff: | I can't describe them. They are all wearing the same thing. Pretty much everything from this point forward, what they look like, I can't describe. |
| Question: | I don't have to ask you that again. It's important. We are making an official record, that when you have a lawsuit against someone, a particular person or accusing a certain person or several people of committing a certain act against you, I'm trying to identify a person who committed the alleged act. For going forward, you wouldn't be able to describe any of the officers you allege made this kind of physical contact with you? |
| Plaintiff: | The officer that made the contact with me, no. . . . [A]s for me being assaulted, I cannot describe any of them. |

(Doc. No. 13-2 at 32-33.) Because Plaintiff cannot, at this stage in the litigation, identify any of the police officers who allegedly assaulted him, his claims against them in Counts I and II fail as a matter of law.

### B. Federal Claims Against The City Fail Without Evidence of Policy or Practice

Defendant City of Philadelphia employed the unidentified police officers responsible for the alleged assault. Accordingly, Plaintiff claims the City is liable for the alleged violation of his constitutional rights under §§ 1983 and 1985. Plaintiff has not produced any evidence, however, that the City had a policy or practice that caused a violation of his constitutional rights. Thus, the Court will grant summary judgment in favor of Defendant City of Philadelphia.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "'Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983.'" Brown v. City of Pittsburgh, 586 F.3d 263, 292 (3d Cir. 2009) (quoting Monell, 436 U.S. at 694). "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing . . . municipal policy, which policy can be attributed to a municipal policymaker.'" Id. (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality)).

In this case, Plaintiff claims that Defendant City of Philadelphia showed "deliberate indifference" to his constitutional rights by failing to properly train and supervise its police officers. (Doc. No. 14-2.) "[I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999). Additionally, a plaintiff must "'establish a municipal custom coupled with causation — i.e., that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury.'" Harris v. Paige, No. 08-2126, 2011 WL 1755646, at *4 (E.D. Pa. May 9, 2011) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 972 n.6 (3d Cir. 1996)).

In Harris, the plaintiff claimed that Philadelphia Police Officer Paige sexually assaulted him while Officer Paige was on patrol in Fairmount Park. Id. at *1. Officer Paige had an extensive disciplinary record within the police department and yet remained employed. Id. at *7. The plaintiff brought a claim against the City of Philadelphia because Officer Paige's "disciplinary record show[ed] the City's 'deliberate indifference to the obvious consequences of

its policies.'" Id. at *4. The court granted summary judgment in favor of the City, however, since there was nothing in Officer Paige's employment history to indicate he had "a propensity to commit the type of heinous sexual assault" at issue in the case. Id.; see also Nelson v. City of Allentown, No. 98-2290, 1999 WL 782531, at *5 (E.D. Pa. Sept. 28, 1999) (granting summary judgment in favor of City of Allentown because plaintiff did not offer any evidence that City had "knowledge of or acquiesced in any custom of ignoring the emergency medical needs of stroke victims in custody").

Here, like the plaintiffs in Harris and Nelson, Plaintiff has offered no evidence that Defendant City of Philadelphia had a policy or custom that caused the unidentified police officers to assault him as part of their crowd control on October 22, 2009. Plaintiff does not point to any police policies or procedures on, for example, crowd control tactics. He has not deposed any officials or employees of the City of Philadelphia to gather evidence of a custom of unconstitutional crowd control methods. Nor has Plaintiff produced any documents or testimony that would indicate the City had knowledge of inappropriate police tactics being used in situations similar to the one at issue in this case.[2] Therefore, the Court will grant summary judgment in favor of Defendant City of Philadelphia on Counts I and II.

### C. City and Unidentified Police Officers Immune Under Tort Claims Act

The state law claims against Defendants City of Philadelphia and unidentified police officers are governed by the Political Subdivision of Tort Claims Acts, 42 Pa. Cons. Stat. § 8541 et seq. (the "Tort Claims Act").

---

[2] Plaintiff also claims that "Defendants through custom, policy or practice assigned police officers dressed in uniforms that covered faces, names, and badge numbers to police and/or regulate crowds of citizens celebrating the Phillies play off win," and that "Defendants should not be permitted to benefit from hiding their identities like the criminals they are supposed to arrest." (Doc. Nos. 14-2, 14-4.) No evidence was produced in the response to the Motion for Summary Judgment to support this claim.

The Tort Claims Act provides municipalities and their employees with official immunity in tort actions except in certain, specifically enumerated circumstances. See Henley v. Octorara Area Sch. Dist., 701 F. Supp. 545, 552 (E.D. Pa. 1988) ("[S]ince the claims against [school principal and vice-principal] are against them in their official capacities, the claims are barred by the [Tort Claims Act]. . . . To the extent that plaintiff alleges intentional acts, they are not within any exception stated in Section 8542."). Section 8542(b) lists the following exceptions in which municipalities and their employees can be held liable:

- operation of motor vehicles
- care, custody, or control of personal property
- care, custody, or control of real property
- dangerous condition of trees, traffic controls, and street lighting
- dangerous conditions of utility service facilities
- dangerous conditions of streets
- dangerous conditions of sidewalks
- care, custody, or control of animals in the possession or control of a local agency

Plaintiff's claims of false imprisonment, a custodial relationship violation, assault, and intentional or negligent infliction of emotional distress are made against Defendants in their official capacity. The alleged conduct of the officers does not fall within an exception set forth in section 8542(b). Therefore, Counts III through VII are barred by the Tort Claims Act and for this reason all Defendants are entitled to summary judgment on these Counts as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted in favor of Defendants on all counts. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEROME K. YOUNG,

        Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

        Defendants.

CIVIL ACTION
NO. 11-6311

### ORDER

**AND NOW**, this 14th day of December 2012, upon consideration of Defendants' Motion for Summary Judgment, Supporting Memorandum of Law, and Attached Exhibits A and B (Doc. No. 13), Plaintiff's Response in Opposition, Supporting Memorandum of Law, and Attached Exhibits C through L (Doc. Nos. 14-16), and for reasons stated in the Opinion filed this day, it is **ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. No. 13) is **GRANTED**.
2. The action is **DISMISSED WITH PREJUDICE** pursuant to Local Rule 41.1(b).
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.